IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–01536–EWN–MEH

CHARLEEN ADAMS, individually and as
parent and next friend of H. A., a minor child,

    Plaintiff,

v.

WARREN ANALYTICAL LABORATORIES, INC.,

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is a premises liability case. Charleen Adams ("Plaintiff Adams"), individually and as parent and next friend of H.A. ("Plaintiff H.A."),[1] a minor child, has brought premises liability claims against Defendant Warren Analytical Laboratories, Inc. for injuries sustained on Defendant's property. Plaintiffs assert: (1) a common law attractive nuisance claim; and (2) a premises liability claim under the Colorado Premises Liability Statute, Colorado Revised Statutes section 13–21–115. This matter is before the court on: (1) Defendant's "Motion for Partial Summary Judgment on Attractive Nuisance Claim," filed on June 7, 2006; and (2) "Plaintiffs' Motion for Partial Summary Judgment Relating to Mrs. Nancy Volner's Employment Status on

---

[1] Although the caption of this case refers to a single plaintiff, the parties in their briefs refer to Charlene Adams and H.A. collectively as "Plaintiffs." For purposes of this order and memorandum of decision, the court follows suit.

January 22, 2005," filed June 12, 2006. Jurisdiction is premised upon 28 U.S.C. § 1332 (2006), diversity of citizenship.

## FACTS

### *1.   Factual Background*

Plaintiffs do not dispute any of the facts set forth in Defendant's motion for partial summary judgment, and furnish no additional relevant facts. (Br. in Supp. of Pls.' Resp. to Def.'s Mot. for Partial Summ. J. on Attractive Nuisance Claim at 1 [filed June 27, 2006] [hereinafter "Pls.' Resp."].)[2] Consequently, the court adopts Defendant's undisputed factual proffers.

Defendant is the owner and operator of real property located at 650 O Street in Greeley, Colorado (the "Warren Facility"). (Br. in Supp. of Mot. for Partial Summ. J. on Attractive Nuisance Claim, Statement of Undisputed Facts ¶ 1 [filed June 7, 2006] [hereinafter "Def.'s Br."].) On said property, Defendant analyzes food products for commercial producers of food to determine the products' contents and characteristics. (*Id.*, Statement of Undisputed Facts ¶ 2.) Defendant has employed Nancy Volner at the Warren Facility for at least fourteen years. (*Id.*, Statement of Undisputed Facts ¶ 3.)

---

[2]Pursuant to neither logic, custom, nor any rule of the court, Plaintiffs inexplicably filed two documents in response to Defendant's motion for partial summary judgment: (1) "Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment on Attractive Nuisance Claim," which merely summarizes the arguments made in (2) Plaintiffs' "Brief in Support of Plaintiffs' Response to Defendant's Motion for Summary Judgment on Attractive Nuisance Claim." (*Compare* Pls.' Resp. to Def.'s Mot. for Partial Summ. J. on Attractive Nuisance Claim [filed June 27, 2006] [hereinafter "Pls.' Superfluous Doc."], *with* Pls.' Resp. at 2.) Never before has the court encountered a brief in support of a response brief. If a brief is to *support* anything, it is to support a motion. If a brief *responds* to a motion or *replies* to a response, it need not be filed with any accompanying document.

In January 2005, Ms. Volner worked as a "log-in person" for Defendant. (*Id.*, Statement of Undisputed Facts ¶ 4.) As such, Ms. Volner would receive food samples delivered to Defendant for testing, review paperwork sent with such samples, log information concerning the samples into a computer system, and generate forms indicating how samples were to be tested. (*Id.*, Statement of Undisputed Facts ¶ 5.) Ms. Volner was also responsible for sample preparation, which occasionally involved placing samples of raw meat into a meat grinder to produce a homogenous sample. (*Id.*, Statement of Undisputed Facts ¶¶ 7–8.) Sample preparation was conducted in a laboratory area apart from the reception and office area where Ms. Volner would conduct her clerical tasks. (*Id.*, Statement of Undisputed Facts ¶ 9.)

Ms. Volner's daughter, Plaintiff Adams, has two daughters, Plaintiff H.A. and M.A., who were respectively five and one years old in January 2005. (*Id.*, Statement of Undisputed Facts ¶¶ 11–12, 21.) On Saturday, January 22, 2005, Ms. Volner was caring for her granddaughters because Plaintiff Adams was in the hospital. (*Id.*, Statement of Undisputed Facts ¶ 20.) Unable to find a babysitter, Ms. Volner, who was scheduled to work that day, brought the children with her to work. (*Id.*, Statement of Undisputed Facts ¶¶ 19, 21.) Ms. Volner brought the girls in through the Warren Facility's back door, which she unlocked with a key. (*Id.*, Statement of Undisputed Facts ¶ 22.)

After conducting certain log-in procedures, Ms. Volner took a break, and then prepared to grind meat samples. (*Id.*, Statement of Undisputed Facts ¶ 23.) The husband of one of Ms. Volner's coworkers brought a playpen to the Warren Facility, placing it in the sample preparation room. (*Id.*, Statement of Undisputed Facts ¶ 24.) Ms. Volner placed M.A. in the playpen. (*Id.*,

Statement of Undisputed Facts ¶ 25.) While Ms. Volner was operating the meat grinder, Plaintiff H.A. either sat on a chair beside her or on the counter near the grinder. (*Id.*, Statement of Undisputed Facts ¶ 27.) At some point, Ms. Volner turned to look at M.A., and when she turned back to her work she saw that Plaintiff H.A.'s left hand was caught in the meat grinder. (*Id.*, Statement of Undisputed Facts ¶ 28.) As a result of her injuries, Plaintiff H.A. required amputation of her left arm just below the elbow. (*Id.*, Statement of Undisputed Facts ¶ 29.)

### *2.     Procedural History*

On August 11, 2005, Plaintiffs filed their complaint in this court, asserting claims for: (1) premises liability; and (2) attractive nuisance. (Compl. [filed Aug. 11, 2005].) On November 7, 2005, Defendant filed a designation of nonparty at fault, naming Ms. Volner as a nonparty at fault pursuant to Colorado Revised Statutes section 13–21–111.5(3). (Designation of Nonparty at Fault Pursuant to C.R.S. [sic] § 13–21–111.5(3) [filed Nov. 7, 2005].)

On June 7, 2006, Defendant filed its motion for partial summary judgment on Plaintiffs' attractive nuisance claim. (Def.'s Br.) Defendant argues: (1) the doctrine of attractive nuisance does not apply to Plaintiffs' claims because the thing that injured Plaintiff H.A. did not attract her to the Warren Facility; and (2) implied consent is not an element of attractive nuisance under Colorado law. (*Id.* at 5–14.) On June 27, 2006, Plaintiffs filed their response. (Pls.' Superfluous Doc.; Pls.' Resp.) On July 11, 2006, Defendant filed its reply. (Reply Br. in Supp. of Mot. for Partial Summ. J. on Attractive Nuisance Claim [filed July 11, 2006] [hereinafter "Def.'s Reply"].)

On June 12, 2006, Plaintiffs filed a motion for partial summary judgment. (Pls.' Mot. for Partial Summ. J. Relating to Mrs. Nancy Volner's Employment Status on Jan. 22, 2005 [filed

June 12, 2006] [hereinafter "Pls.' Mot."]; Br. in Supp. of Pls.' Mot. for Partial Summ. J. Relating to Mrs. Nancy Volner's Employment Status on Jan. 22, 2005 [filed June 12, 2006] [hereinafter "Pls.' Br."].)  Therein, Plaintiffs request the court to find that Ms. Volner acted "in the course and scope of her employment" the morning of the accident such that her actions should be imputed to Defendant.  (*Id.*)  On June 30, 2006, Defendant filed its response.  (Br. in Opp'n to Pl.'s [sic] Mot. for Partial Summ. J. Relating to Mrs. Nancy Volner's Employment Status on Jan. 22, 2005 [filed June 30, 2006] [hereinafter "Def.'s Resp."].)  On July 14, 2006, Plaintiffs filed a reply.  (Reply Br. in Supp. of Pls.' Mot. for Partial Summ. J. Relating to Mrs. Nancy Volner's Employment Status on Jan. 22, 2005 [filed July 14, 2006] [hereinafter "Pls.' Reply"].)  Both motions for partial summary judgment are fully briefed.

## ANALYSIS

### *1.   Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material

matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006).  A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).  The court may consider only admissible evidence when ruling on a summary judgment motion.  *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).  The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment.  *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### *2.  Evaluation of Claims*

#### *a.  Plaintiffs' Motion*

Plaintiffs move pursuant to Rule 56(c), seeking resolution of "[t]he issue . . . whether [Ms.] Volner was acting within the scope of her employment with [Defendant] when she was allowed to bring her granddaughters into [the Warren Facility]."  (Pls.' Br. at 6; *see also* Pls.' Mot. at 1.)  Plaintiffs fail to explain either why they have moved under Rule 56(c) or how the rule entitles them to move for summary judgment on this limited issue.  Defendant presumes that Plaintiff intended to reference Rule 56(d) and argues that: (1) there is no such thing as an independent motion under Rule 56(d); and (2) summary judgment may not be used to single out limited issues on which the court's advice may be obtained.  (Def.'s Resp. at 4–5.)  Although

Defendant's arguments on this matter are explicitly set forth as the sole subject matter of the first section of its brief, Plaintiffs fail to address Defendant's arguments in their reply brief — and, quite notably, omit therefrom any reference whatsoever to Rule 56.  (*Id.* at 4; *see* Pls.' Reply.)  This court may treat Plaintiffs' failure to respond as a confession of the matter.  *See Guardian Title Agency, LLC v. Matrix Capital Bank*, 141 F. Supp. 2d 1277, 1283 n.2 (D. Colo. 2001).

Even had Plaintiffs not confessed their motion, I would have to deny it as unwarranted under Rule 56.  There is no such thing as a motion under Rule 56(c).  *See* Fed. R. Civ. P. 56(c) (2006) (furnishing the standard for summary judgment as well as deadlines for summary judgment proceedings); *SFM Corp. v. Sunstrand Corp.*, 102 F.R.D. 555, 558 (D. Ill. 1984) ("[S]ummary judgment motions must be brought pursuant to Rule 56(a) or 56(b). . . .").  Only one sentence in Rule 56(c) might *appear* to authorize a party to move thereunder: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."  Fed. R. Civ. P. 56(c).  Even if this were a case in which only damages were truly at issue — neither party so argues — Rule 56(c) does not entitle a party to move for such judgment.  *Id.*; *cf. id.* 56(a) ("A party seeking to recover on a claim . . . may . . . *move* . . . for a summary judgment.") (emphasis added); *id.* 56(b) ("A party against whom a claim . . . is asserted . . . may . . . *move* . . . for a summary judgment.") (emphasis added).

Assuming Plaintiffs intended to move under Rule 56(d), such a motion would have been inappropriate.  Rule 56(d) provides:

> If on motion under this rule judgment is not rendered upon . . . all the relief asked and a trial is necessary, the court at the hearing of the motion . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.

*Id.* 56(d). A Rule 56 movant may, however, "ask the court for judgment on less than an entire claim [pursuant to Rule 56(d)] only in the wake of a full-blown motion under either Rule 56(a) or Rule 56(b)." *Kendall McGaw Labs., Inc. v. Cmty. Mem'l Hosp.*, 125 F.R.D. 420, 421 (D. N.J. 1989); *accord* 10B CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2737 (3d ed. 1998) (noting that Rule 56(d) procedure does not stand alone, but is "ancillary to a motion for summary judgment"); *see also Warner v. United States*, 698 F. Supp. 877, 878 (S.D. Fla. 1988) ("A party may not make an independent Rule 56(d) motion."); *SFM Corp.*, 102 F.R.D. at 558 ("THERE IS NO SUCH THING AS A RULE 56(d) MOTION.") (emphasis in original).

Finally, although subsections (a) and (b) of Rule 56 allow a motion on a claim "or any part thereof," such language arises from the simple need for consistency with a court's ability to enter an interlocutory judgment under subsection (d). *Kendall McGaw Labs.*, 125 F.R.D. at 422; *see* Fed. R. Civ. P. 56(d). Thus, a motion such as Plaintiffs', which seeks to resolve only one issue relevant to their claims, is entirely inappropriate under *any provision* of Rule 56. *See Capitol Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 28 (D. Ill. 1985) (holding that motion for partial summary judgment which sought judgment "as to less than a single claim" was improper); *accord Coffman v. Fed. Labs., Inc.*, 171 F.2d 94, 98 (3d Cir. 1949) ("[Rule 56] does not contemplate a summary judgment for a portion of a single claim in a suit.") (internal quotation and citation omitted); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216 (7th Cir. 1946) (same);

*United States v. Fifty-Seven Thousand, Four Hundred and Forty-Three Dollars*, 42 F. Supp. 2d 1293, 1299 n.7 (S.D. Fla. 1999) (holding that a court may not enter summary judgment on a portion of a claim, such as probable cause); *Kendall McGaw Labs.*, 125 F.R.D. at 421 ("Summary judgment may be had as to one claim among many, but it is well settled that neither subsection [(a) nor (b)] allows such a judgment as to one portion of a claim."); *Bonda's Veevoederfabriek, Provimi, B.V. v. Provimi, Inc.*, 425 F. Supp. 1034, 1036 (E.D. Wis. 1976) (same). In light of Plaintiffs' confession and the overwhelming weight of authority contrary to their position, I must deny their motion.

### *b.     Defendant's Motion*

Defendant contends that Plaintiffs' attractive nuisance claim should be dismissed because the thing that injured Plaintiff H.A. (*i.e.*, the meat grinder) did not attract her to the premises where she was injured (*i.e.*, the Warren Facility). (Def.'s Br. at 5.) Plaintiffs admit that the grinder did not attract Plaintiff H.A. to the Warren Facility, but argue that such a showing is not necessary under Colorado law. (Pls.' Resp. at 2–4.) Relying on the Colorado Jury Instruction for attractive nuisance, Plaintiffs argue that "Colorado law clearly recognizes" that it matters not if Plaintiff H.A. was allured to trespass by the instrumentality that injured her if she was on the premises "with the express or implied consent of [D]efendant."[3] (Pls.' Superfluous Doc. ¶ 1; Pls.'

---

[3]Plaintiffs' argument is premised on the alternative wording of the third element of the jury instruction, which is set forth in italics: "The plaintiff (was attracted onto the premises by [an unreasonably risky activity or condition]) (or) *(was on the premises with the express or implied consent of the defendant)*." Colo. Jury Instr., Civil 12:4 (4th ed. 2005) (emphasis added). The court notes that such instructions are not binding authority. *See Wade v. Olinger Life Ins. Co.*, 560 P.2d 446, 453 n.7 (Colo. 1977) (stating that Colorado Jury Instructions should be considered

Resp. at 2.) Plaintiffs explicitly concede, however, that there is no Colorado appellate authority supporting their position. (Pls.' Resp. at 2–3.) For the reasons set forth below, I find that summary judgment is warranted.

In order to contextualize the instant controversy, the court must furnish some background concerning changes to Colorado's law of premises liability over the past thirty-five years. Prior to 1971, a landowner's duty of care was determined by the status of the party injured on the premises (*i.e.*, whether the party was a "trespasser," "licensee," or "invitee"). *Vigil v. Franklin*, 103 P.3d 322, 326 (Colo. 2004) (citing *Mile High Fence Co. v. Radovich*, 489 P.2d 308, 311 n.2 [Colo. 1971]). Then, in *Mile High Fence*, the Colorado Supreme Court abandoned the common law classification scheme in favor of imposing a general duty of care on landowners. *Id.* (citing *Mile High Fence*, 489 P.2d at 314). Subsequently, the Colorado General Assembly enacted the Colorado Premises Liability Statute, which reinstated the prior common law classification scheme, albeit with some relatively minor changes. Colo. Rev. Stat. § 13–21–115(1.5)(e) (2006); *Vigil*, 103 P.3d at 326.

Under the statute, trespassers "may recover only for damages willfully or deliberately caused by the landowner." Colo. Rev. Stat. § 13–21–115(3)(a). Under the common law scheme that existed prior to *Mile High Fence*, an "owner of land owe[d] no duty to a mere trespasser, young or old." *Hayko v. Colo. & Utah Coal Co.*, 235 P. 373, 374 (Colo. 1925); *accord Gallegos v. Phipps*, 779 P.2d 856, 860 (Colo. 1989); *Staley v. Sec. Athletic Ass'n*, 380 P.2d 53, 54 (Colo.

---

persuasive authority).

1963); *Gotch v. K. & B. Packing & Provision Co.*, 25 P.2d 719, 720 (Colo. 1933). Notwithstanding its creation of a duty owed to trespassers, the Premises Liability Statute expressly states that it is "not be construed to abrogate the doctrine of attractive nuisance as applied to persons under fourteen years of age." Colo. Rev. Stat. § 13–21–115(2).

The doctrine of attractive nuisance is a path to recovery for children injured when: (1) a landowner keeps something that is an attraction and allurement to children, which (2) involves an unreasonable risk of injury, and (3) is located in a place where it might reasonably be expected to attract children. *Simkins v. Dowis*, 67 P.2d 627, 629–30 (Colo. 1937); *see also* Restatement (Second) of Torts § 339 (1965). The rationale for such a doctrine ought to be self-evident: "what an express invitation would be to an adult, the temptation of an attractive plaything is to a child of tender years." *Keffe v. Milwaukee & St. Paul Ry. Co.*, 21 Minn. 207, 1875 WL 3764, at *3 (Minn. 1875); *accord Kopplekom v. Colo. Cement Pipe Co.*, 64 P. 1047, 1048 (Colo. Ct. App. 1901). Thus, because a landowner "is often in the best position to protect the straying child against perils on the land," the doctrine imposes a duty of care where one otherwise would not exist. W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS § 59 at 399 (5th ed. 1984) (hereinafter "PROSSER AND KEETON"). Unlike most jurisdictions, however, Colorado ascribes to a rule that precludes a child from recovering under the doctrine unless she was allured to trespass by the instrumentality that subsequently injured her. *See Hayko*, 235 P. at 373 (holding that attractive nuisance does not apply to a dangerous condition that attracts a child "after he has become a trespasser"); *Esquibel v. City & County of Denver*, 151 P.2d 757, 759 (1944) (same);

*see also* Restatement (Second) of Torts § 339 cmt. e (indicating that Colorado is among a "small minority" of American jurisdictions imposing such a requirement).

A closer examination of *Hayko* reveals the weakness of Plaintiffs' position. That case involved a ten-year-old boy who trespassed upon the defendant's premises, entering an open shack. *Hayko*, 235 P. at 374. The boy discovered a box of dynamite caps and carried the box out of the shack. *Id.* While attempting to extract the contents of a cap with a pin, the boy caused the cap to explode and was injured. *Id.* The *Hayko* court rejected the boy's attractive nuisance claim because "negligence under said doctrine consists in maintaining an attraction which entices to trespass, not merely entices one after he has become a trespasser." *Id.* The similarities of *Hayko* to the instant case could not be less favorable to Plaintiffs' claim — particularly in light of Plaintiffs' admission that the instrumentality that caused Plaintiff H.A.'s injury did not entice her to trespass. (Pls.' Resp. at 4.)

This court finds no Colorado state or federal attractive nuisance case that supports Plaintiffs' contention that they may recover under the doctrine of attractive nuisance if Plaintiff H.A. was at the Warren Facility with Defendant's express or implied consent. (*See id.* at 3–4.) Thus, the only authority supporting Plaintiffs' position is the Colorado Jury Instruction on attractive nuisance. The Instruction's "Source and Authority" section furnishes an explanation — premised on non-binding authority — for the alternative formulation at issue on the instant motion:

> [T]hough the doctrine is designed primarily to protect trespassing children, it logically extends to other children on the premises, especially where the defendant has been at least in part causally responsible for their being on the premises by

> conduct equivalent to "alluring" or "attracting" them by the condition, that is, by inviting them onto the premises or otherwise consenting to their presence.

Colo. Jury Instr., Civil 12:4, Source and Authority (citing PROSSER AND KEETON § 59).[4] The court fails to perceive how a doctrine under which the basis for liability "consists in maintaining an attraction which entices to trespass," *Hayko*, 235 P. at 373, could be said to "logically extend[]" to children who are on the premises as invitees or licensees. *See* Colo. Jury Instr., Civil 12:4. The doctrine of attractive nuisance was created in order to provide a remedy to children who, by virtue of their status *as trespassers*, otherwise would not have been able to recover. *Hayko*, 235 P. at 373–74. If a child who is not a trespasser is injured by a condition on the land of another, then the doctrine of attractive nuisance is unnecessary and its application would defy the Colorado General Assembly's express enunciation of the duties a landowner owes to invitees and licensees in the Premises Liability Statute. *See* Colo. Rev. Stat. §§ 13–21–115(3)(b)–(c), (5)(a)–(b).

If, by enacting the statute, the Colorado General Assembly had wished to furnish an alternative to *Hayko*'s rule, it most certainly could have done so. Nothing in the statute evinces any such intent. *See* Colo. Rev. Stat. § 13–21–115(2) (indicating the statute did not upset the doctrine of attractive nuisance as applied to persons under the age of fourteen). This court is not

---

[4]Presumably, the passage in Prosser and Keeton to which the drafters of the Colorado Jury Instructions refer is the following: "The Restatement [(First) of Torts] rule is stated in terms of liability to children who are trespassers on premises occupied by the defendant, but the principal may not be so limited. In any case where the child could recover if he were a trespasser he can recover at least as well when he is a licensee or invitee on the premises." PROSSER AND KEETON § 59 at 400. The court finds this statement unobjectionable insofar as it merely expresses that, by virtue of the doctrine's imposition of a duty of care where one would not otherwise exist, a child to whom the doctrine applies will recover at least as well as an injured invitee or licensee, to whom a landowner owes a duty of care absent the operation of the doctrine.

bound by an alternative element in a Colorado Jury Instruction that is not premised on Colorado law. *See Wade*, 560 P.2d at 453 n.7; *accord Fed. Ins. Co. v. Pub. Serv. Co.*, 570 P.2d 239, 241 (Colo. 1977) (stating the Colorado Jury Instructions "are not to be used if they do not reflect the prevailing law"); *Gallegos v. Graff*, 508 P.2d 798, 799 (Colo. Ct. App. 1973) (stating the instructions "are not law in themselves"). Plaintiffs concede that the condition that caused Plaintiff H.A.'s injury did not attract her to the land. Accordingly, I find that the doctrine of attractive nuisance does not apply to the circumstances of Plaintiff H.A.'s injury. *See Hayko*, 235 P. at 374.

Plaintiffs make a final argument counseling against this result. Pointing to a provision of the Colorado Premises Liability Act that charges judges with the determination whether a party is a trespasser, licensee, or invitee, Plaintiffs argue that since this court has yet to determine into which of those three categories Plaintiff H.A. falls, Defendant's motion for summary judgment is premature. (Pls.' Resp. at 4 [citing Colo. Rev. Stat. § 13–21–115(4)].) I disagree. As explained above, the doctrine of attractive nuisance exists only to protect trespassing children, since a heightened duty of care always exists vis-à-vis invitees and licensees. Plaintiffs' argument is therefore premised upon their misconception, which they admit is unsupported by any Colorado appellate authority, that express or implied consent constitutes an alternative to *Hayko*'s requirement that a child have been allured to *trespass* by that which subsequently caused her injury. *See Hayko*, 235 P. at 374. Plaintiffs have conceded that very requirement. Thus, the court need not decide whether Plaintiff H.A. was a trespasser, licensee, or invitee to determine

that *Hayko* stands in the way of Plaintiffs' attractive nuisance claim.  Accordingly, Defendant is entitled to judgment as a matter of law on the claim.

### *3. Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. PLAINTIFFS' motion (#32) for partial summary judgment is DENIED.

2. DEFENDANT's motion (#30) for partial summary judgment is GRANTED.

3. The court will hold a Final Pretrial Conference commencing at **10:30 o'clock a.m.** on Friday, **January 12, 2007**, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.

Dated this 6th day of December, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge