IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01536-EWN-MEH

CHARLEEN ADAMS, individually and as parent and next friend of
H.A., a minor child,

      Plaintiffs,
v.

WARREN ANALYTICAL LABORATORIES, INC.,

      Defendant.
_____

### ORDER ON DEFENDANT'S MOTION TO COMPEL
_____

Before the Court is Defendant's Motion to Compel Outstanding Written Discovery [Docket #60]. The matter is briefed and has been referred to this Court [Docket #61]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.**    **Facts**

Plaintiff filed this lawsuit seeking recovery for the injuries suffered by the minor child H.A. Adams at Defendant's place of business. Plaintiff brings a claim under the Premises Liability Act and a claim for attractive nuisance.

For discovery relating to the alleged damages in this case, Defendant is seeking documents outlining Plaintiff's medical expenses, as well as a signature page for Plaintiff's responses. Plaintiff has since provided supplemental responses, and the Court will limit its inquiry to the remaining requests in dispute. Plaintiff further states that all other responses are complete and that the signature page has not been produced because Plaintiff is presently incarcerated.

**II.     Discussion**

  A. <u>Motion to Compel Signed Answers to Interrogatories</u>

Plaintiff failed to provide a Fed. R. Civ. P. 33 Certification for her responses to Defendant's discovery requests. Such a failure is not harmless. This certification is an unambiguous requirement that should not necessitate a motion to compel, and Plaintiff's incarceration neither prevents Plaintiff's counsel from mailing documents to her nor prevents him from visiting her at her place of incarceration. The Court will order that a signature page be provided for all responses no later than June 29, 2007.

  B. <u>Past medical expenses</u>

Defendant seeks the supporting documentation for Plaintiff's reported expenses of $17,340.57. As Plaintiff notes, the party with the legal right to obtain documents possesses or controls the documents, for purposes of Rule 34. The printout of expenses supporting this dollar figure is discoverable, and Defendant's Motion to Compel is granted as to this request. Plaintiff shall respond fully to this request no later than June 29, 2007.

  C. <u>Requests for Production Nos. 3 and 4</u>

With respect to the patient ledger, Plaintiff shall identify the healthcare provider to which this ledger applies no later than June 29, 2007.

Regarding the psychological records, Plaintiff's counsel states that he has requested the medical documents and not yet received them from the hospital. His representation that he will produce the documents as soon as he receives them is sufficient. If Defendant wishes to have direct access to the documents, it can request and utilize the appropriate release authorizations. Thus, Defendant's Motion to Compel is granted in part and denied in part as to this request.

D.     Requests for Production Nos. 7 and 10

Defendant again requests information relating to the medicaid payments supporting Plaintiff's claim for medical expenses.  As discussed above the Motion is granted in this regard, and Plaintiff shall provide supporting documentation no later than June 29, 2007.

E.     Interrogatory Nos. 5, 9, 10, 13, 14, 15, 16

As discussed above, Plaintiff is not released from the obligation to provide verified responses, even though incarcerated.  Plaintiff shall provide the appropriate signatures for these responses no later than June 29, 2007.

F.     Interrogatory No. 18

The documents Defendant seeks have been ordered to be produced above and need not be addressed again here.

Defendant also seeks sanctions under Rule 37.  The Court denies without prejudice the motion for sanctions.  To the extent that Plaintiff would seek later to produce additional information that contradicts her responses, rather than truly supplements the responses, the Court will entertain a motion by Defendant to preclude such evidence or testimony at that time.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel Outstanding Written Discovery [Filed May 8, 2007; Docket #60] is **granted in part** and **denied in part** as specified.  Plaintiff shall respond to the requests so ordered no later than June 29, 2007.

Dated at Denver, Colorado, this 13th day of June, 2007.

                                         BY THE COURT:

                                         s/ Michael E. Hegarty
                                         Michael E. Hegarty
                                         United States Magistrate Judge